UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES E. DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:04CV1089 HEA |
| v. ) | |
| ) | |
| PAPA JOHN'S USA, INC., ) | |
| d/b/a PAPA JOHN'S, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PAPA JOHN'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS COUNT I
OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Count I of Plaintiff's Second Amended Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Plaintiff failed to file a civil action against Papa John's within the 90-day limitations period under Title VII. On May 19, 2004, the EEOC issued Plaintiff a Notice of Right to Sue Papa John's. This Notice included Papa John's name, proper identity, and address. And Papa John's received a copy of the Notice. However, Plaintiff did not name Papa John's in a lawsuit until September 23, 2004, – well beyond the 90-day limitations period. Instead, after receiving his right to sue, Plaintiff filed a second EEOC charge, which he later amended, setting forth claims based on identical facts and circumstances raised in his first EEOC charge. Plaintiff now alleges his lawsuit is timely based on this second EEOC charge. Allowing Plaintiff to sue based on this second charge would vitiate the time limitations clearly set out in Title VII. Accordingly, Papa John's is entitled to dismissal of Plaintiff's Title VII claims in Count I.

**Statement of Facts**

1.      Papa John's USA, Inc., (hereinafter "Papa John's") is a Kentucky corporation with offices at 2002 Papa John's Boulevard, Louisville, Kentucky, and doing business as Papa John's pizza restaurants located throughout the Eastern District of Missouri.  (Second Am. Compl. ¶ 4.)

2.      Plaintiff is an African-American citizen of the United States with his residence in St. Louis County, Missouri.  (Second Am. Compl. ¶ 3.)

3.      Plaintiff was employed by Papa John's from April 2001 to March 2004.  (Second Am. Compl. ¶¶ 12, 28.)

4.      On April 9, 2004, Plaintiff filed a Charge of Discrimination with the EEOC (hereinafter "First Charge") against "Papa John's Pizza."  (Second Am. Compl. ¶ 7; *see* EEOC charge No. 280-2004-01821 and corresponding documents attached as Exhibit 1.)[1]

5.      On April 22, 2004, the EEOC notified Papa John's at its Louisville corporate offices that the First Charge had been filed.  (First Charge – EEOC Notice of Charge, Exh. 1.)

6.      On April 22, 2004, the Missouri Commission on Human Rights (hereinafter the "MCHR") was notified by the EEOC that Plaintiff had filed the First Charge.  (*See* MCHR charge No. FE 4/04-42719 and corresponding documents attached as Exhibit. 3.)

7.      On or about May 19, 2004, Plaintiff received an EEOC Notice of Right to Sue Papa John's.  (First Charge – EEOC Notice of Right to Sue, Exh. 1.)

8.      Papa John's was sent and received a copy of Plaintiff's May 19, 2004 Notice of Right to Sue.  (First Charge – EEOC Notice of Right to Sue, Exh. 1.)

---

[1] A Court may, consistent with Rule 12(b)(6), consider the charge of discrimination appended to defendant's motion without converting the motion to one for summary judgment. When deciding a motion to dismiss, the Court may consider the complaint and documents whose contents are alleged in the complaint and whose authenticity no party questions but which are not physically attached to the complaint. *See Parks v. Trans World Airlines, Inc.*, Case No. 4:96CV909CEJ, slip op. at 2 n.1 (attached hereto as Exhibit 2) (citing *In re Syntex Corp. Securities Litigation*, 95 F.3d 922, 926 (9th Cir. 1996), and *Silver v. H&R Block, Inc.,* 105 F.3d 395, 397 (8th Cir. 1997)).

9. On July 23, 2004, Plaintiff filed another Charge of Discrimination with the EEOC (hereinafter the "Second Charge) against "Devlin Partnership d/b/a/ Papa John's" based on the same facts and circumstances that were the subject of Plaintiff's First Charge. (Second Am. Compl. ¶ 9; *see* EEOC Charge No. 280-2004-06214C and corresponding documents attached as Exhibit 4.)

10. Devlin Partners L.L.C[2]. (hereinafter "Devlin Partners") is a franchisee operating Papa John's pizza restaurants in Kansas. (Compl. 4.)

11. On August 17, 2004, Plaintiff filed his initial Complaint in this Court against "Devlin Partners, L.L.C., d/b/a/ Papa John's." (Compl.)

12. On September 2, 2004, Plaintiff amended his Second Charge specifically naming only Papa John's and removing Devlin Partners as an adverse party. (Second Charge – EEOC Amended Charge, Exh. 4.)

13. On September 8, 2004, the MCHR was notified by the EEOC that Plaintiff had filed the Second Charge. (*See* MCHR charge No. FE 10/04-00081 and corresponding documents attached as Exhibit 5.)

14. On September 9, 2004, Plaintiff received an EEOC Notice of Right to Sue Papa John's pursuant to the Second Charge. (Second Am. Compl. ¶ 11; Second Charge - EEOC Notice of Right to Sue, Exh. 4.)

15. On September 23, 2004, Plaintiff filed his First Amended Complaint dismissing Defendant Devlin Partners and adding Papa John's as a defendant for the first time in this Court. (First Amend. Compl.)

---

[2] Plaintiff mistakenly calls Devlin Partners L.L.C. "Devlin Partnership" in his initial Complaint.

16.     On October 18, 2004, the MCHR issued Plaintiff a Notice of Right to Sue on the First Charge.  (MCHR Notice of Right to Sue, Exh. 3.)

17.     On October 26, 2004, Plaintiff filed his Second Amended Complaint.  (Second Am. Compl.)

18.     On November 9, 2004, the MCHR administratively closed its file on the Second Charge without issuing a Notice of Right to Sue.  (MCHR Nov. 9, 2004 letter, Exh. 5.)

### Argument

On the face of his Second Amended Complaint, Plaintiff has failed to state a claim for which relief can be granted.  In order to be entitled to relief on a complaint alleging violations of Title VII, a plaintiff must show at the outset that he has filed the civil action against the named respondent within 90 days of receiving his EEOC Notice of Right to Sue.  Here, it is without a doubt, Plaintiff failed to sue Papa John's within this time period and no equitable considerations exist to allow extension of the time limitation.  Moreover, filing a second EEOC charge based on the same facts as an earlier EEOC charge does not re-start the 90 day period for filing suit.  Such a possibility would render the 90-day limitations period meaningless.  Accordingly, Count I of Plaintiff's Second Amended Complaint should be dismissed.

### I.     Standard For Deciding a Rule 12(b)(6) Motion to Dismiss.

The purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint.  *Swartzbaugh v. State Farm Insurance Cos.,* 924 F.Supp. 932, 934 (E.D. Mo. 1995).  In reviewing a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff and presume all factual allegations in the complaint as true.  *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).  Further, it must appear "beyond doubt that plaintiff can prove no set of facts supporting his claim that would entitle him to relief." *Conley v.*

4

*Gibson*, 355 U.S. 41 (1957).  Due to Plaintiff's inability to show that he timely filed his civil claim against Papa John's, he is not entitled to the full relief he has requested.

## II. Plaintiff's Title VII Claim Against Papa John's Must Be Dismissed Because His Claim Was Not Filed Within 90 Days of Receiving His EEOC Notice of Right to Sue.

An individual must bring a civil action against the respondent named in the EEOC charge within 90 days of receiving his Notice of Right to Sue.  42 U.S.C. § 2000e-5(f)(1) (West 2003) ("Title VII").  The U.S. Supreme Court has held that the 90-day limit is not jurisdictional but rather akin to a statute of limitations and will only be tolled where equitable considerations exist. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385 (1982); s*ee Hill v. John Chezik Imports,* 869 F.2d 1122 (8th Cir. 1989) (citing to *Zipes* and holding that the 90-day limitation period of Title VII is not jurisdictional but, like a statute of limitations, is subject to equitable tolling).

As with any statute of limitation, courts in the Eighth Circuit strictly enforce Title VII's 90-day period.  "[Title VII] clearly provides that a legal action pursuant to Title VII <u>must</u> be filed within 90 days of the receipt of the right to sue notice." *Nix v. Equitable Life Assurance Society of the United States,* 762 F.Supp. 862, 863 (E.D. Mo. 1991) (emphasis added).  Moreover, filing a suit within the time limit but then dismissing it does not toll the limitation.  *See Dunham v. City of O'Fallon, Missouri,* 945 F.Supp. 1256, 1260 (E.D. Mo. 1996) (holding that the plaintiff's discrimination suit was time barred because "once … the pending suit is dismissed, it is as if no suit has been filed").

In this case, Plaintiff asserts he filed his initial Complaint within 90 days of receiving his EEOC Notice of Right to Sue on the First Charge.  (Second Am. Compl ¶ 8.) Although it is true that Plaintiff filed *a* complaint within the 90-day period, Plaintiff fails to mention that his initial Complaint was filed solely against and served only upon Devlin Partners.  (*See generally* Compl.) Devlin Partners certainly was not "the respondent named in the [First] EEOC Charge."

5

42 U.S.C. § 2000e-5(f)(1).  (*See* First Charge, Exh. 1.)  Plaintiff has since dismissed Devlin Partners from his lawsuit.  (*See* First Am. Compl.)  Indeed, Plaintiff finally determined that Devlin Partners does not operate a Papa John's restaurant in Missouri, let alone within this Court's jurisdiction, and in fact that he never actually worked for Devlin Partners.

On the other hand, Plaintiff did work for Papa John's.  (Second Am. Compl. ¶¶ 12, 28.)  More importantly, Papa John's was actually the respondent named by the Plaintiff in the First Charge.  (*See* First Charge, Exh. 1.)  Plaintiff received his Notice of Right to Sue Papa John's on May 19, 2004.  (*See* First Charge, Exh 1.)  Thus, Plaintiff had until approximately August 19, 2004, to file his suit against the named respondent, Papa John's.  However, it was not until September 23, 2004, that Plaintiff named Papa John's in a lawsuit in this Court.  (*See* First Am. Compl.)

Such a lapse by Plaintiff is a direct violation of Title VII.  A plain-language reading of Title VII shows that it is not enough to simply file a lawsuit against any defendant.  The lawsuit must be filed within 90 days against "the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1) (emphasis added).  Plaintiff did not meet this Title VII requirement.

Just as this Court held in *Nix*, the 90-day period is a statute of limitations to which plaintiffs must strictly comply.  *See Nix,* 762 F.Supp. at 863 (recognizing that the limitation period must be met).  Plaintiff did not even come close to meeting the 90-day limit for his lawsuit against Papa John's, as it was not sued until September 23, 2004, or more than 30 days past the limitations period.  (*See* First Am. Compl. ¶ 4.)  Nor does Plaintiff's dismissal of Devlin Partners and corresponding suit against Papa John's save his Title VII claim.  Just as the *Dunham* court held, "once … dismissed, it is as if no suit had been filed." *Dunham,*  945 F.Supp. at 1260.

6

Thus, once Plaintiff dismissed Devlin Partners, it is as if he did not file his suit against Papa John's until September 23, 2004.

What is more, there can be no argument that Plaintiff is entitled to equitable tolling of the 90-day limit. Equitable tolling may be appropriate where, despite a plaintiff's best efforts, he is not able to timely file the suit due to circumstances beyond his control. *Id*. The *Dunham* court reasoned that the "plaintiffs had all the information necessary to file the discrimination claims before the limitations period expired." *Id.* at 1262. The same reasoning applies here.

In another case, the plaintiff was time barred from bringing her discrimination suit because she failed to name the proper defendant within the 90-day period. *Evans v. McCluskey*, 567 F.2d 755 (8th Cir. 1977). In *Evans,* the EEOC issued a right to sue letter against one defendant, but when plaintiff filed her claim, she named a different defendant. *Id.* at 756. Although the defendants had the same name, the court reasoned that the EEOC letter "adequately informed [the plaintiff] of her right to sue" and left it to the plaintiff to name the correct defendant within the time limitation. *Id.* at 757.

In this case, there is absolutely no excuse for Plaintiff's failure to sue Papa John's within the 90-day limitations period. Just as in *Dunham*, Plaintiff had "all the information necessary to file" his claim against Papa John's before the 90-day time limit elapsed. *Dunham,* 945 F.Supp. at 1262. Plaintiff filed his First Charge against his employer, Papa John's, and Papa John's received notice of the charge at its proper address. (*See* First Charge, Exh. 1.) More importantly, the First Charge Notice of Right to Sue specifically indicated that Papa John's was the party to be sued within the 90-day period. (*See* First Charge – Notice of Right to Sue, Exh. 1.) Thus, Plaintiff had Papa John's name, address, and requisite Right-to-Sue letter. Yet, for some inexplicable reason, the only entity Plaintiff sued within the 90-day limit was a completely unrelated party, Devlin

7

Partners.  (*See generally* Compl. ¶ 4.)  It remains a mystery how Devlin Partners was ever considered a proper party.  The fact is, Plaintiff could have, and should have, filed his original suit against Papa John's but failed to do so.  He cannot have a second bite at the apple.

Moreover, there can be little doubt that Plaintiff's Right to Sue letter "adequately informed [him] of his right to sue" Papa John's.  *See Evans,* 567 F.Supp. at 757.  Whereas in *Evans,* the plaintiff had to deal with a confusing situation where two people had the same name, Plaintiff here has no excuse for initially suing a completely unrelated, and certainly distinguishable, party.  *See id.*

Consequently, Plaintiff failed to sue Papa John's within the 90-day limitations period and no equitable factors exist to support an extension of the time limit in this case.  Count I of Plaintiff's Second Amended Complaint should be dismissed.

### III.     **Plaintiff's Second Charge And Corresponding Right-to-Sue Letter Did Not Establish a New 90-Day Limitations Period.**

Plaintiff's second EEOC Notice of Right to Sue, received on September 9, 2004, does not save his suit against Papa John's from being time barred.  The threshold issue in this inquiry hinges on whether the two EEOC charges are the same.  For if they are the same, the 90-day limit from the First Charge controls.

It appears few, if any, courts in the Eighth Circuit have had occasion to rule on whether two EEOC charges are in fact identical.  However, it is well established in the Eighth Circuit that a Title VII complaint may include "claims like or related to" the substance of a timely filed charge with the EEOC.  *Wentz v. Maryland Casualty Co.,* 869 F.2d 1153, 1154 (8th Cir. 1989) (citation omitted).  In *Wentz,* the plaintiff filed a complaint alleging discrimination and retaliation.  *Wentz,* 869 F.2d at 1154.  However, Wentz's EEOC charge referenced only discrimination and not retaliation.  *Id.*  Nevertheless, the Eighth Circuit ruled that the complaint

8

was properly pled because, in light of the facts and circumstances, the retaliation claim was "like or related to" the discrimination charge. *Id.* Arguably, the logic of this rule holds that where multiple EEOC charges are based on like or related claims and facts, the EEOC charges are the same for purposes of filing a Title VII lawsuit.

In this case, there can be little doubt Plaintiff filed two EEOC charges that give way to "like or related" claims against Papa John's. Indeed, the factual basis for both charges was exactly the same. Certainly, no new facts of alleged discrimination or retaliation occurred after Plaintiff filed the First Charge against Papa John's. Plaintiff ended his employment with Papa John's prior to even filing the First Charge. (Second Am. Compl. ¶¶ 28, 7.) As the court in *Wentz* determined, the fact that Plaintiff filed the First Charge claiming discrimination and his Second Charge adding retaliation is not dispositive. *Wentz,* 869 F.2d 1153. Courts look to the underlying facts and claims. Courts cannot solely rely on the boxes checked on a form.

To be sure, Plaintiff himself must concede that the facts supporting his retaliation and discrimination claims were part of the First Charge. First, his initial Complaint included claims of both retaliation and discrimination. (Compl. ¶ 19.) This initial Complaint had to have been based on the First Charge because Plaintiff had not yet received any notice of a right to sue on the Second Charge.

Second, Plaintiff's recently added claim that Papa John's violated the Missouri Human Rights Act ("MHRA") included allegations of retaliation and discrimination. (Second. Am. Compl. ¶ 43.) Again, this MHRA claim had to have been based on the First Charge because the MCHR only issued a Notice of Right to Sue on the First Charge. (*See* MCHR Notice of Right to Sue Letter, Exh. 3.) No MCHR right-to-sue letter was ever issued pursuant to the Second

9

Charge.  (*See* MCHR Nov. 9, 2004 letter, Exh. 5.)  Thus, Plaintiff's allegations of retaliation and discrimination under the MHRA must have been based on facts put forth in his First Charge.

Finally, after the Plaintiff amended the Second Charge, the parties involved were the same.  The charge against Devlin Partners was and is perplexing.  Papa John's has always been the correct defendant and Plaintiff obviously concedes this now that he has dismissed Devlin Partners from the lawsuit and added Papa John's as the sole defendant.  (*See* First Am. Compl.)  Consequently, the facts of this case overwhelmingly support a finding that Plaintiff's Second Charge is identical to his First Charge.

With that threshold question settled, the determining issue becomes whether a subsequent EEOC charge, which has been amended, can reset the 90-day time limit.  Both from a policy and legal standpoint, the answer must be no.  As a matter of policy, to answer otherwise would clearly undermine the procedural rules and, thus, the foundation of Title VII.  Further, while courts in the Eighth Circuit do not appear to have dealt with this discrete legal issue, other courts have considered it.

The Northern District of Illinois found "[t]o allow a plaintiff to reallege an earlier EEOC charge in a subsequent EEOC charge would render the 90-day limit for filing lawsuits meaningless." *Vitello v. Liturgy Training Publications,* 932 F.Supp. 1093, 1098 (N.D. Ill. 1996) (holding that plaintiff's discrimination suit was time barred after plaintiff missed the first 90-day limit and attempted to sue on receipt of a second EEOC Notice of Right to Sue).  The Second Circuit likewise barred a plaintiff's lawsuit based on a second EEOC charge that was sufficiently similar to an earlier charge upon which the plaintiff had failed to file suit.  *Sos Liang Lo v. Pan American World Airways, Inc.,* 787 F.2d 827 (2nd Cir. 1986).  In *Pan American*, the Court of Appeals recognized that the second EEOC charge was "based upon a charge involving exactly

10

the same facts as the first Notice." *Id.* at 828.  Thus, to determine whether the plaintiff's suit is time barred, the Second Circuit found that reference would only be given to "the first Notice of Right to Sue.  Otherwise … potential Title VII plaintiffs could evade [the time] requirements simply by seeking additional Notices of Right to Sue whenever they pleased." *Id.* at 828.

The holding in *Pan American* could not be more helpful to the case here.  First, as has already been argued, the alleged facts supporting Plaintiff's Second Charge are identical to the facts supporting his First Charge.  Again, any determinable fact involving alleged claims of discrimination and retaliation was established at the time Plaintiff terminated his employment with Papa John's, which was *before* he filed the First Charge.  (Second Am. Compl. ¶¶ 28, 7.)  Second, there is no basis for allowing Plaintiff to evade the time requirements established by Congress in the language of Title VII.  Plaintiff cannot be allowed to have two bites of the Title VII apple.

Consequently, Plaintiff's Second Charge is identical to his First Charge and cannot re-set the time limit for filing his civil suit against Papa John's.

## Conclusion

For the foregoing reasons, Count I of Plaintiff's Second Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

**STINSON MORRISON HECKER LLP**

By:     */s/ Eric A. Todd*
Eric A. Todd, E.D. Mo. Bar No. 51804
100 South Fourth Street, Suite 700
St. Louis, MO 63102
(314) 259-4500 (phone)
(314) 259-4599 (fax)

ATTORNEY FOR DEFENDANT PAPA JOHN'S USA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2004, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Kathryn S. Render
8390 Delmar Boulevard, Ste. 218
St. Louis, Missouri 63124
Phone (314) 872-8420
Fax: (314) 872-7017

Attorney for Plaintiff

    */s/ Eric A. Todd*